Hawkins *against* Rapier and Simpson.

*June*, 1823.

IN the Circuit Court of *Lauderdale* County, *Rapier* and *Simpson* declared in Debt against *Caleb Hawkins*, on a bond for $689 69¼. The defendant pleaded, that "as to $203 $\frac{07}{100}$ "of the Debt in the declaration mentioned, the plaintiffs to "have or maintain their action ought not, because he says he "has well and truly paid to said plaintiffs said sum in cotton "on the 9th day of *April*, 1822, and of this he puts himself "upon the country," signed by the Attorney for defendant. "And the plaintiff replies, &c." signed by the Attorney. The Record shews that at the next term the parties came by their Attornies, and thereupon came a Jury, who being elected, &c. "well and truly to try the issue joined, "upon their oath, say, we the Jury find for the plaintiffs the "sum of four hundred and eighty-six dollars, sixty-two and "a half cents, the residue of the Debt in the plaintiff's de- "claration mentioned ; and also the sum of one hundred "and fourteen dollars, eighty-nine and a half cents, damages "sustained by the detention of said debt."

In Debt, defendant pleads payment of part, concluding to the country, " and the plaintiff replies." Verdict for the *residue* of the debt. This may be considered as an issue; but the verdict does not respond to it.

15

Judgment was thereupon rendered, that the plaintiff recover " the Debt aforesaid and damages aforesaid assessed, " besides their costs," &c. *Hawkins* sued out a writ of Error. The assignments, on which the decision was made, appear in the

#### Opinion of the Court delivered by the Chief Justice.

In this case it is assigned as Error—

1. That the verdict is not a finding on the issue.
2. That there was no issue.

The plea alleges the payment of $203$\frac{07}{100}$, part of the Debt—of this the defendant puts himself upon the country. The plaintiffs say, " they reply"—it might not, perhaps, be a very strained inference that they intended to reply by a similiter. In any view it is but a general replication, denying the matter alleged in bar of part of the claim of plaintiffs ; and, though informal, might be cured by a verdict properly responding to this issue. It is not necessary to the decision of the case, to determine whether the conclusion of the plea be good. It is, however, unusual and informal to conclude to the country, a plea which affirms a new fact in bar.

The issue submitted to the Jury was, whether the defendant had paid $203$\frac{07}{100}$ part of the Debt. Does the verdict answer this question ? It finds for the plaintiffs $486 62$\frac{1}{2}$, the residue of the debt in the declaration mentioned, and $114 89$\frac{1}{2}$ damages, &c. The verdict would dispose of the issue if the matter found would properly relate to it. But the sum found varies from, and exceeds the amount in controversy. The question submitted to the Jury was, whether the defendant had paid $203 07$. The plea did not deny any more of the claim of the plaintiffs, and they should have taken judgment by *nihil dicit* for so much as was not controverted. The verdict does not respond to the issue, but finds matter wholly variant, and which had not been put in issue.

We are therefore of opinion that the first assignment is sustained by the Record. The second has been answered by the remarks made on the first. See *Ripley* against *Coolidge* and *Bright*, and *Malone* against *Donnelly*, (ante, p. 11—12.)

It is not necessary to the decision of this case that we should dispose of the other assignments. On some of them we are not unanimous in opinion. On the first assignment the judgment must be reversed, and the cause remanded.